**Euclides Rafael ROSARIO–BENCOSME, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

No. 10–2990–ag.

United States Court of Appeals, Second Circuit.

June 7, 2011.

Amanda E. Gray (David K.S. Kim, Jules E. Coven, Kerry W. Bretz, on the brief), Bretz & Coven, LLP, New York, N.Y., for Petitioner.

Andrew C. Brinkman, Trial Attorney, (Tony West, Assistant Attorney General, Ernesto H. Molina, Jr., Assistant Director, on the brief), United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

Present: DENNIS JACOBS, Chief Judge, DEBRA ANN LIVINGSTON, Circuit Judge, JED S. RAKOFF, District Judge.*

### *SUMMARY ORDER*

Euclides Rafael Rosario–Bencosme, a native and citizen of the Dominican Republic, petitions for review of a June 25, 2010 order of the Board of Immigration Appeals ("BIA"), affirming a decision of an immigration judge finding him removable as an aggravated felon pursuant to subsections M and U of section 101(a)(43) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(43)(M), (U). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Although we lack jurisdiction to review final agency orders of removal based on an alien's conviction of an aggravated felony, "we are permitted to review questions of law," including whether a specific conviction constitutes an aggravated felony. *Blake v. Gonzales,* 481 F.3d 152, 155–56 (2d Cir.2007) (internal quotation marks omitted). We review *de novo* questions of law. *Id.* at 156.

Rosario–Bencosme pleaded guilty to conspiracy to defraud the United States "by acquiring, possessing, using, and redeeming approximately $5,600,000 worth of [United States Department of Agriculture] food stamp coupons in a manner contrary to [law]." J.A. at 100–01. Rosar-

---

* The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

io–Bencosme was ordered to pay $5,600,000 in restitution.

Under the INA, "an offense that ... involves fraud or deceit in which the loss to the victim ... exceeds $10,000" constitutes an aggravated felony. 8 U.S.C. § 1101(M)(i). There is "nothing unfair" about the BIA's determination that the government satisfied its burden of demonstrating the requisite loss by clear and convincing evidence when it presented the criminal information and restitution order, and Rosario–Bencosme did not present any conflicting evidence. *Nijhawan v. Holder*, —— U.S. ——, 129 S.Ct. 2294, 2303, 174 L.Ed.2d 22 (2009).

Finding no merit in Rosario–Bencosme's remaining arguments, we hereby **DISMISS** the petition for review.